■ In the Matter of the Arbitration between REGIONAL TRANSIT SERVICE, INC., Respondent, and AMALGAMATED TRANSIT UNION, LOCAL 282, Appellant. [700 NYS2d 337] —Order and judgment unanimously affirmed without costs. Memorandum: On February 3, 1997, at about 5:30 A.M., an employee of petitioner, Regional Transit Service, Inc. (Transit Service), was on duty and driving a passenger bus in the parking lot of a shopping mall when he drove the bus into a light pole, causing over $23,000 in damage to the bus. The employee was required to undergo drug testing, which revealed the presence of marihuana in his system. A substance abuse policy (Policy) had been negotiated between the Transit Service and respondent, Amalgamated Transit Union, Local 282 (Union). The Policy provided, among other things, that any employee who tests positive for drugs or alcohol while on duty shall be subject to discipline "up to and including discharge." The employee was discharged pursuant to the Policy and the discharge was upheld through the grievance process. The Union demanded arbitration pursuant to the collective bargaining agreement. The arbitrator concluded that the Transit Service did not have just cause to discharge the employee because it had not provided the employee with progressive discipline. The arbitrator ordered that he be allowed to return to work pursuant to the conditions set forth in the award, which included participating in an appropriate rehabilitation program and obtaining a negative drug test result before returning to work. The Transit Service commenced this proceeding seeking to vacate the arbitration award on the grounds that the award is irrational and violative of public policy. Supreme Court granted the petition and vacated the award.

We affirm. As the court properly concluded, the negotiated Policy provides separate and distinct disciplinary sanctions for on-duty and off-duty positive drug test results. If an employee tests positive for off-duty drug use, the Policy provides that the employee will be subject to progressive discipline. In contrast, the Policy provides that discharge may be a consequence of even a first time positive on-duty drug test result. By holding that the Transit Service lacked just cause for terminating the employment of an employee who tested positive for drugs while on duty, and then purporting to impose a rehabilitation regimen pursuant to the "off-duty" provisions of the contract, the arbitrator improperly rewrote the parties' agreement and, "in effect, made a new contract for the parties" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383). (Appeal from Order and Judgment of Supreme Court, Monroe County, VanStrydonck, J.—Arbitration.) Present—Pine, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.